Baldwin, J.
delivered the opinion of the Court.
It seems to the Court that the point of controversy between the parties, at the trial of the cause, was whether a mistake had been made to the prejudice of the plaintiffs, in a settlement of their mercantile account against the defendant, in which he was debited with various items on the one hand, and credited with several items on the other, and a balance struck in favour of the plaintiffs, which was liquidated by the defendant’s giving his note to the plaintiffs therefor, and which account and settlement were relied on by the defendant, as evidencing his having discharged the balance due them from him, upon the said matters of account. The pretension of the plaintiffs was that the said account had been taken from their ledger, and that the person who drew it off therefrom had committed a blunder, by introducing into the account as a credit the sum of 106 dollars 15 cents, one of the debits, both in the ledger and the account, the result of which was to make the balance settled as aforesaid less than the sum justly due to the plaintiffs. In support of their pretension, the plaintiffs introduced the deposition of M'Kibbon, which contained evidence, read without objection thereto, tending to prove the justice of the debits in the account, and verifying a copy made by him from the *153 ledger of the defendant’s account therein; and which contained further evidence, which was objected to, tending to prove that the items both of debit and credit in the ledger, corresponded with the original entries in the books of the plaintiffs, that there was no item of credit in the ledger, or in the original entries, of 106 dollars 15 cents, and that the balance in favour of the plaintiffs according to their pretension was the true balance according to the ledger and the original entries. The objection of the defendant was sustained by the Circuit court, and so much of the deposition as it embraced excluded from the jury. The ground of the objection is not stated in the bill of exceptions to the decision of the Court; but most probably was that the plaintiffs could not rely upon the entries in their books as evidence in their behalf. But it seems to the Court that though such evidence was not proper to prove the justice of the debits in the plaintiffs’ account, yet that it ought to have been suffered to go to the jury, upon the question of a mistake in the settlement occasioned by a blunder in drawing off the account upon which that settlement was founded.
It seems, therefore, to the Court, that the Circuit court erred in excluding the evidence as aforesaid. And, without deciding upon the correctness of the Circuit court’s opinion upon the plaintiff’s motion for a new trial, inasmuch as the whole merits of the case were not before the jury, it is considered by the Court that the judgment of the Circuit court is erroneous, and that the same be reversed and annulled, with costs to the plaintiffs : that the verdict be set aside and a new trial awarded, with directions to overrule the objection to M’Kibbon’s deposition if it should be repeated.